IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DIANA SMITH, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | No. 04-1940 |
| vs. | : | |
| | : | |
| TREVOR HANNIFORD, | : | |
| Defendant. | : | |

ORDER AND MEMORANDUM

O R D E R

**AND NOW**, this 15th day of June, 2005, upon consideration of the Motion for Summary Judgment of Defendant Trevor Hanniford (Document No. 18, filed April 17, 2005) and *pro se* plaintiff's Response to the Report of Trevor Hanniford Dated July 15, 2002 (Document No. 24, filed May 11, 2005), **IT IS ORDERED** as follows:

1. The Motion for Summary Judgment of Defendant Trevor Hanniford is **GRANTED** with respect to plaintiff's federal claims and **JUDGMENT** is **ENTERED** in **FAVOR** of defendant, Trevor Hanniford, and **AGAINST** plaintiff, Diana Smith, on plaintiff's federal claims; and,

2. The Court declines to exercise jurisdiction over plaintiff's state law claim for intentional infliction of emotional distress and accordingly, that claim is **DISMISSED WITHOUT PREJUDICE** for lack of federal jurisdiction.

M E M O R A N D U M

I.   INTRODUCTION

The Court sets forth an abbreviated procedural and factual history as necessary to address the pending Motion. A more detailed history can be found in the Court's previously reported

opinions in this case.  See Smith v. Phila. Dept. of Human Services, Civ. No.  04-1940 (E.D. Pa. Aug. 23, 2004); Smith v. Phila. Dept. of Human Services, 2005 WL 525403 (E.D. Pa. Mar. 3, 2005).

This case arises out of dependency proceedings in the Philadelphia County Court of Common Pleas, Family Division, during which Emmitt Smith, son of *pro se* plaintiff, Diana Smith, was adjudicated dependant.  *Pro se* plaintiff filed this action under 42 U.S.C. § 1983 alleging that her son was removed from her care based upon unfounded allegations of sexual abuse.

By Order dated August 23, 2004, this Court dismissed all of plaintiff's claims with the exception of plaintiff's substantive due process and intentional infliction of emotion distress claims against Trevor Hanniford.  Reading *pro se* plaintiff's Complaint liberally, the Court concluded that *pro se* plaintiff stated a viable substantive due process claim by alleging that Hanniford filed a false report stating that plaintiff was found guilty of sexually abusing her son. The Court exercised supplemental jurisdiction under 28 U.S.C. § 1367 over plaintiff's state law claim for intentional infliction of emotional distress.

Presently before the Court is defendant Hanniford's Motion for Summary Judgment.  For the reasons set forth below, the Court grants Trevor Hanniford's Motion for Summary Judgment on plaintiff's federal claims and enters judgment in favor of defendant and against plaintiff on all such claims.  The Court declines to exercise jurisdiction over plaintiff's state law claim for intentional infliction of emotional distress and accordingly, that claim is dismissed without prejudice for lack of federal jurisdiction.

## II. BACKGROUND

On February 13, 2002, the Department of Human Services ("DHS") received a report of that plaintiff's son was acting inappropriately in school. Upon receipt of the report, DHS began investigating the allegations and assigned defendant, Trevor Hanniford, to the case as a DHS intake social worker. On March 6, 2002, DHS received another report that plaintiff's son was acting inappropriately at school. On March 8, 2002, Hanniford went to the child's school and interviewed school personnel. Later that day, Hanniford went to plaintiff's home and discussed the allegations with her. Hanniford asked plaintiff to have her son undergo a sexual abuse evaluation. Plaintiff denied that request. Thereafter, on April 8, 2002, DHS filed a dependency petition in the Philadelphia County Court of Common Pleas, Family Court seeking to adjudicate plaintiff's son dependent. On April 17, 2002, after a hearing in Family Court, plaintiff's son was temporarily committed to the custody of DHS. The court ordered the removal of the child from plaintiff's home and ordered that the child undergo a psycho-sexual evaluation.

On May 30, 2002, David Bromberg, Ph.D of the Assessment and Treatment Alternatives ("ATA"), conduced a psycho-sexual evaluation. Dr. Bromberg issued a report diagnosing plaintiff's son with "Axis I: 302.9 Sexual Disorder NOS [No Other Symptoms]." (Def. Exh. 3). The report stated, *inter alia*, that the child had been "aggressive and sexually inappropriate with peers," "display[ed] sexualized behavior," and "allegedly stated that he learned these behaviors from his mother." Id. Dr. Bromberg concluded that the child's "behavior suggest[ed] that he has in some manner been exposed to inappropriate sexual stimulation in some manner," but the "exact nature of the exposure [was] not evident." Id. The report also stated that it was "essential that [the child] begin therapy with a therapist specializing in treating sexually reactive children to

help him cope with these feelings in a safer manner." Id.

On July 3, 2002, in accordance with state law, Hanniford filed a Child Protective Service ("CPS") Investigation Report. In that report, Hanniford marked the report of suspected abuse as "Indicated" and explained that the "CPS [Child Protective Services] Report is being indicated based on a psycho-sexual evaluation that determined that the subject child is being exposed to sexual stimulation. The exact nature of exposure is not evident. The child displays sexualized behavior." (Def. Exh. 5). Plaintiff's claims against Hanniford arise out of this Investigation Report.

On October 17, 2002, at an adjudicatory hearing in which plaintiff was represented by court-appointed counsel, Judge Flora Barth Wolf of the Court of Common Pleas, Family Court Division, adjudicated plaintiff's son dependent and committed him to the custody of the DHS. Since that time, the Family Court has held approximately eight (8) hearings concerning plaintiff's son. (Def. Exh. A, ¶23-31). At the conclusion of each hearing, the Family Court Judge ruled that plaintiff's son should remain committed to the custody of DHS. The dependency petition remains pending before the Court of Common Pleas, Family Court.

Following the removal of plaintiff's son from her home, plaintiff filed a petition for expunction of the "Indicated" report filed by Hanniford with the Department of Public Welfare ("DPW"). According to Jonathan Houlon, a Divisional Deputy City Solicitor in the City of Philadelphia Law Department, "DPW will make one of two findings with respect to this petition: it will disagree with DHS' conclusion that the report was 'Indicated' and order expunction of the record, or it will affirm the conclusion of DHS." (Houlon Declaration, Exh. B ¶8).

4

### III.  STANDARD OF REVIEW

"[I]f the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law[,]" summary judgment should be granted.  Fed. R. Civ. P. 56(c).  The Supreme Court describes the summary judgment determination as "the threshold inquiry of determining whether there is the need for a trial – whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).  Therefore, "a motion for summary judgment must be granted unless the party opposing the motion can adduce evidence which, when considered in light of that party's burden of proof at trial, could be the basis for a jury finding in that party's favor."  J.E. Mamiye & Sons, Inc. v. Fidelity Bank, 813 F.2d 610, 618 (3d Cir. 1987).

"[O]n summary judgment the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986) (quoting United States v. Diebold, Inc., 369 U.S. 654, 655 (1962)).  The nonmoving party, however, cannot rely merely upon bare assertions, conclusory allegations, or suspicions to support its claim.  Fireman's Ins. Co. v. DuFresne, 676 F.2d 965, 969 (3d Cir. 1982).  When the movant files a properly supported motion for summary judgment, the burden shifts to the nonmoving party to prove specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e).  "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims."  Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).  "Only disputes over facts that

might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

### III.   DISCUSSION

The Supreme Court has recognized that parents have a fundamental liberty interest in the care, custody and management of their children. Santosky v. Kramer, 455 U.S. 745, 753 (1982); Miller v. City of Philadelphia, 174 F.3d 368, 347 (3d Cir. 1999). However, the right to familial integrity is not absolute and does not include a right to remain free from child abuse investigations. Croft v. Westmoreland County Children and Youth Servs., 103 F.3d 1123, 1125 (3d Cir. 1997). DHS social workers have a statutorily mandated duty to investigate reports of child abuse pursuant to the Child Protective Services Law. See 23 Pa. C.S.A. §§ 6362 & 6368.

"To generate liability" for a violation of substantive due process under the Fourteenth Amendment, a social worker's actions "must be so ill-conceived or malicious that it shocks the conscience." Miller, 174 F.3d at 375. "[C]ulpability for substantive due process purposes must exceed both negligence and deliberate indifference, and reach a level of gross negligence or arbitrariness that indeed shocks the conscience." Id. at 375-76.

Hanniford contends that in preparing the Investigative Report and marking sexual abuse as "Indicated" he relied on the psycho-sexual evaluation conducted by Dr. David Bromberg and information obtained from interviews with personnel at plaintiff's son's school. According to the record, school personnel reported several incidents of the child exhibiting sexually inappropriate behavior. Hanniford argues that the comments contained in the Investigative Report are drawn nearly verbatim from the report prepared by Dr. Bromberg.

Plaintiff argues that the allegations that she sexually abused her son were dismissed by the court on October 17, 2002. (Pl. Response at 1, 7). She also alleges that Hanniford

6

"invent[ed] a charge that [plaintiff] was found guilty of sexual assault" and "fabricated his report by stating that the evaluation determined that the child is being exposed to stimuli . . ." (Id. at 1, 3). Finally, she contends that the allegation that plaintiff sexually abused her son should not have been included in the report because it was unfounded and in violation of "CPS law reliance on factual investigation." (Id. at 3).

After reviewing the record, the Court does not find any evidence that Hanniford's behavior was so arbitrary or grossly negligent as to shock the conscience. Miller, 174 F.3d at 375-76. First, the Court finds that Hanniford's report did not state that plaintiff was charged with or guilty of sexual abuse. Rather, the report noted that sexual abuse was "Indicated" but did not state that plaintiff was the source of the abuse. (Def. Exh. 5) ("The exact nature of exposure is not evident."). Furthermore, after reviewing the record of the October 17, 2002 hearing in the Family Court Division, during which plaintiff asserts she was cleared of sexual abuse charges, the Court finds that the court, in fact, made no determination that plaintiff sexually abused her son or did not sexually abuse her son. (Tr. at 125-27).

Similarly, there is no evidence that Hanniford falsified or embellished the Investigative Report. The report states: "The CPS [Child Protective Services] Report is being indicated based on a psycho-sexual evaluation that determined that the subject child is being exposed to sexual stimulation. The exact nature of exposure is not evident. The child displays sexualized behavior." (Def. Exh. 5). Hanniford's report closely tracks the report prepared by Dr. Bromberg and accurately describes its findings. The Court concludes that Hanniford reasonably relied upon the opinion of Dr. Bromberg, a professional psychologist, in drafting his report. See Miller, 174 F.3d at 377 (finding no substantive due process violation where social worker's reports were based solely on doctor's opinion). Hanniford's actions complied in all respects with all relevant state

7

and federal law.

Based on the evidence before the Court, no reasonable factfinder could determine that Hanniford's actions violated plaintiff's Fourteenth Amendment substantive due process rights. Because plaintiff has failed to present a genuine issue of material fact, the Court grants defendant's Motion for Summary Judgment with respect to that claim.

In light of the Court's conclusion that defendant's are entitled to summary judgment on plaintiff's substantive due process claim, plaintiff's state law claim for intentional infliction of emotional distress is dismissed without prejudice for lack of jurisdiction. See 28 U.S.C. § 1367; see also Growth Horizons, Inc. v. Delaware County, 983 F.2d 1277, 1284-85 (3d Cir. 1993) (district court has discretion to decline to exercise supplemental jurisdiction when it has disposed of all claims over which it had original jurisdiction).

## V. CONCLUSION

For the foregoing reasons, the Court grants Trevor Hanniford's Motion for Summary Judgment on plaintiff's federal claims and judgment is entered in favor of defendant, Trevor Hanniford, and against plaintiff, Diana Smith, on all such claims. The Court declines to exercise jurisdiction over plaintiff's state law claim for intentional infliction of emotional distress and accordingly, that claim is dismissed without prejudice for lack of federal jurisdiction.

                                                        **BY THE COURT:**

                                                        _____

                                                        **JAN E. DuBOIS, J.**